UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER BURGOS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:21-cv-00688 (VLB) |
| STATE OF CONNECTICUT,<br>    Defendant. | :<br>:<br>: |

## ORDER OF DISMISSAL

On May 19, 2021, Christopher Burgos, the Petitioner, filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his state convictions for sexual assault and an escape charge. Petition, [ECF No. 1]. Petitioner raises four grounds for relief: (1) Petitioner's Fourteenth Amendment rights were violated because he was tried, convicted and sentenced while mentally ill and incompetent to stand trial; (2) Ineffective assistance of counsel due to his counsel's refusal to use the insanity defense and failure to file a timely appeal; (3) violation of his Sixth and Fourteenth Amendment rights as a result of his counsel's failure to file a timely appeal despite his request for appeal of his convictions; and (4) Petitioner was mentally ill at the time of his crimes and was unaware that he had committed a sexual assault crime and the trial court deprived him of a competency hearing prior to trial. *Id.* at 6-11.

Upon review of the Petition and the relevant publicly available record, the Court will dismiss the Petition without prejudice as premature due to a failure to exhaust Petitioner's state court remedies on all grounds for relief.

I.   **RULE OF EXHAUSTION**

A prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* 28 U.S.C. § 2254(b)(1)(A) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State").

A petitioner's claims may be presented either on direct review or through state post-conviction proceedings; "a prisoner does not have 'to ask the state for collateral relief, based on the same evidence and issues already decided by direct review.'" *O'Sullivan*, 526 U.S. at 844 (quoting *Brown v. Allen*, 344 U.S. 443, 447 (1953)). However, review in the highest court must be sought, even if such review is discretionary and unlikely to be granted, because petitioners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one *complete* round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845 (emphasis added); *see* 28 U.S.C. 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has a right under the law of the State to raise, by any available procedure, the question presented.").

Thus, to satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state

2

courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (*per curiam*) (internal quotation marks and citation omitted); *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (exhaustion of state remedies requires a petitioner to present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it*.")* (citations omitted); *see also Richardson v. Superintendent of Mid-Orange Corr. Facility*, 621 F.3d 196, 201 (2d Cir. 2010). "The claim presented to the state court ... must be the 'substantial equivalent' of the claim raised in the federal habeas petition." *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (citations omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief … that does not alert it to the presence of a federal claim in order to find material … that does so." *Id.* at 32. The claims may be presented either on direct review or through state postconviction proceedings; and "a prisoner does not have 'to ask the state for collateral relief, based on the same evidence and issues already decided by direct review.'" *O'Sullivan*, 526 U.S. 838, 844 (1999) (quoting *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b)(1)(B). The petitioner may not, however, simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. See *Galdamez v. Keane*, 394 F.3d 68, 72-74 (2d Cir. 2005), *cert. denied*, 544 U.S. 1025 (2005).

II. DISCUSSION

Petitioner's petition states that he did not take a direct appeal or any post-conviction proceedings for any of his grounds for habeas relief. However, the Court's research reveals that he appealed his state court conviction on grounds that "the trial court erred (1) by not sua sponte ordering pretrial and posttrial competency hearings and canvassing him on his purported right to testify at those hearings; (2) in joining the sexual assault information and the escape information for trial; (3) in denying his motion to suppress evidence seized from his apartment; and (4) in denying his motion to vacate his convictions for sexual assault in the first degree and risk of injury to a child on double jeopardy grounds." *State v. Burgos*, 170 Conn. App. 501, 505 (2017). The Court has also determined that Petitioner has a pending habeas claim, *Burgos v. Comm'r of Corr.,* No. TSR-CV17-

4008805-S (as shown on the publicly available judicial website)[1] that was filed on May 1, 2017 in state superior court.

Petitioner's appeal to the Connecticut Appellate Court asserted that the trial "court violated his purported right to testify at a competency hearing by not canvassing him, sua sponte, on whether he understood that by stipulating to his competency he was waiving his right to testify at a competency hearing[;]" "that the court committed plain error by permitting defense counsel to waive the second reconsideration hearing because § 54–56d(k) permits only the accused to waive a reconsideration hearing[;]" that "the court violated his due process rights and committed plain error by accepting his stipulation to his competency and by not ordering, sua sponte, an evidentiary hearing to evaluate his competency[;] and "that the court violated his due process rights and committed plain error by failing to order, sua sponte, a nunc pro tunc, or retrospective, competency hearing to evaluate his competency at trial in light of his erratic posttrial conduct[.]" 170 Conn. App. at 512-13.

Relevant to his competency claims, the Appellate Court held that the trial court's failure to ask defendant personally whether he wanted to stipulate to his competency was not plain error; that the trial court's finding that defendant was competent to stand trial was supported by adequate factual basis; and that the trial court's failure to order *sua sponte* a *nunc pro tunc* competency hearing to

---
[1]http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV174008805S.

reevaluate defendant's competency did not violate defendant's due process rights. *Id.* at 521-32. On March 29, 2027, the Connecticut Supreme Court denied certification for review. *State v. Burgos*, 170 Conn. App. 501 (2017).

It appears that Petitioner's grounds for habeas relief based on violation of his Fourteenth Amendment rights due to being mentally incompetent to stand trial and his claim of deprivation of competency hearing have undergone review by Connecticut's highest court. However, there is no indication that Petitioner's grounds asserting ineffective assistance of counsel have been reviewed by the state's highest court and are thereby exhausted for purposes of federal habeas corpus review.[2] *Galdamez*, 394 F.3d at 73 ("The petitioner must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition.").

Traditionally, a mixed petition is dismissed without prejudice to refiling another federal habeas corpus action after all grounds have been exhausted. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000). Under limited circumstances, the district court has the discretion to stay a mixed habeas petition to enable the

---

[2] **Petitioner has not alleged that there is no opportunity for redress in state court or that the state court process is clearly deficient. Thus, he is not excused from exhausting his state remedies before proceeding in federal court. *See* 28 U.S.C. § 2254(b)(1)(B)(i) & (ii) (federal district court may consider a claim that has not been exhausted in state court if "there is an absence of available State corrective process; or" circumstances exist that render the state court process "ineffective to protect the rights of the [petitioner]."); *Duckworth*, 454 U.S. at 3 (noting exception to the exhaustion requirement is appropriate "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient" that any attempt to secure relief in state court is rendered futile).**

petitioner to present his unexhausted claims to the state court and then return to federal court for review of all of his claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). However, a stay should be invoked only when the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition, the claims are not clearly without merit, and the petitioner may be time-barred if the case is dismissed. *See id.* at 277 ("stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and "even if a petitioner had good cause for that failure," stay and abeyance is not appropriate if petitioner's "unexhausted claims are plainly meritless"); *Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (in view of the one-year limitations period for filing a federal habeas petition set forth in 28 U.S.C. § 2244(d)(1), district courts should not dismiss a mixed petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court).

Here, the Petition does not warrant a stay because Petitioner does not appear to be procedurally barred from exhausting his administrative remedies on his unexhausted grounds. The limitations period, which commences when the judgment of conviction becomes final, may be tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. § 2244(d)(1)-(2); *Rivas v. Fischer*, 687 F.3d 514, 533 (2d Cir. 2012) (holding that the statute of limitations "runs from the latest of a number of triggering events, including the

7

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.") (internal quotation marks omitted); *see also Wall v. Kholi*, 562 U.S. 545, 556 (2011) (holding motion to reduce sentence that involved state court's consideration of various sentencing factors to determine whether sentence "was without justification and grossly disparate from other sentences" constituted "an application for 'collateral review' that trigger[ed] AEDPA's tolling provision" under 28 U.S.C. § 2244(d)(2)).

The Court pauses to advise Petitioner that his lack of candor as concerns his direct appeal in state court and his pending state habeas petition, namely, his assertion that he has neither taken a direct appeal nor filed a state habeas petition, which is incorrect, may subject Petitioner to sanctions given that all federal court filings are necessarily filed under the pains and penalties of perjury. As Federal Rule of Civil Procedure states: "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney <u>or unrepresented party</u> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and**

**(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b) (emphasis added).**

**Rule 11 continues: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, <u>or party that violated the rule</u> or is responsible for the violation." *Id.* (emphasis added).**

### III. CONCLUSION

**For the foregoing reasons, Petitioner's Petition (ECF No. 1) is DISMISSED. Petitioner's claims in his habeas petition are DISMISSED without prejudice due to nonexhaustion of all of his grounds for relief.[3]**

**The clerk is instructed to close this case.**

---

[3] **Petitioner is informed that he also has the option of proceeding only as to grounds concerning his competency that appear to have been exhausted before the state's highest court. If so, he must file a motion to reopen seeking: (1) to proceed as to any exhausted grounds in the Petition, and (2) to withdraw all of the unexhausted grounds. The motion must clearly identify the grounds that the Petitioner claims has been fully exhausted and explain how the grounds were exhausted in state court. The Petitioner is cautioned, however, that if he proceeds only as to any exhausted grounds, with the intention of presenting the unexhausted grounds to this court after they have been exhausted, he will run the risk that any such new petition will not be considered by this court because it would constitute a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).**

Any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

/s/
Vanessa L. Bryant
United States District Judge

SO ORDERED at Hartford, Connecticut this 17th day of June, 2021.